**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern                    District of    New York
                                          (State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an
   amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | |
|---|---|
| 1. **Debtor's name** | Pacific Drilling S.A. |

2. **All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)

___ ___ – ___ ___ ___ ___ ___ ___ ___

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 8-10 Avenue de la Gare | |
| Number        Street | Number        Street |
| L-1610 | |
| | P.O. Box |
| Luxembourg | |
| City            State      ZIP Code | City            State      ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Luxembourg | |
| County | Number        Street |
| | |
| | City            State      ZIP Code |

5. **Debtor's website** (URL)    pacificdrilling.com

6. **Type of debtor**

☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☒ Other. Specify:    Public Company Limited by Shares

| Debtor | Pacific Drilling S.A. | Case number *(if known)* |
|---|---|---|
| | Name | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>2</u>  <u>1</u>  <u>1</u>  <u>1</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.  District _____  When _____  Case number _____
                                         MM / DD / YYYY

             District _____  When _____  Case number _____
                                           MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.  Debtor  See attached _____  Relationship _____

        District _____  When _____
                                            MM / DD / YYYY

        Case number, if known _____

| Debtor | Pacific Drilling S.A. | Case number *(if known)* |
|---|---|---|
| | Name | |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number          Street

_____

_____

City                                                State          ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49              ☒ 1,000-5,000        ☐ 25,001-50,000
☐ 50-99             ☐ 5,001-10,000       ☐ 50,001-100,000
☐ 100-199           ☐ 10,001-25,000      ☐ More than 100,000
☐ 200-999

**15. Estimated assets**

☐ $0-$50,000              ☐ $1,000,001-$10 million       ☐ $500,000,001-$1 billion
☐ $50,001-$100,000        ☐ $10,000,001-$50 million      ☒ $1,000,000,001-$10 billion
☐ $100,001-$500,000       ☐ $50,000,001-$100 million     ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million     ☐ $100,000,001-$500 million    ☐ More than $50 billion

---

Debtor    Pacific Drilling S.A. _____    Case number (if known) _____
_____Name_____

**16. Estimated liabilities**

☐ $0-$50,000                    ☐ $1,000,001-$10 million           ☐ $500,000,001-$1 billion
☐ $50,001-$100,000              ☐ $10,000,001-$50 million          ☒ $1,000,000,001-$10 billion
☐ $100,001-$500,000             ☐ $50,000,001-$100 million         ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million           ☐ $100,000,001-$500 million        ☐ More than $50 billion

---

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

■ I have been authorized to file this petition on behalf of the debtor.

■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    11/  12 / 2017
_____MM  /  DD / YYYY

✘ /s/ Paul T. Reese _____        Paul T. Reese _____
Signature of authorized representative of debtor         Printed name

Title  Chief Executive Officer _____

**18. Signature of attorney**

✘ /s/ Andrew G. Dietderich _____        Date   11/  12 / 2017
Signature of attorney for debtor                              MM  / DD / YYYY

Andrew G. Dietderich _____
Printed name
Sullivan & Cromwell LLP _____
Firm name
125 Broad Street _____
Number        Street
New York _____        NY        10004 _____
City                                       State      ZIP Code

(212) 558-4000 _____        dietdericha@sullcrom.com _____
Contact phone                                   Email address

2850584 _____        NY _____
Bar number                                   State

---

**ANNEX 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in this Court for relief under Chapter 11 of Title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the Chapter 11 case of Pacific Drilling S.A.

1. Pacific Drilling S.A.

2. Pacific Drilling (Gibraltar) Limited

3. Pacific Drillship (Gibraltar) Limited

4. Pacific Drilling, Inc.

5. Pacific Drilling Finance S.à r.l.

6. Pacific Drillship SARL

7. Pacific Drilling Limited

8. Pacific Sharav S.à r.l.

9. Pacific Drilling VII Limited

10. Pacific Drilling V Limited

11. Pacific Drilling VIII Limited

12. Pacific Scirocco Ltd.

13. Pacific Bora Ltd.

14. Pacific Mistral Ltd.

15. Pacific Santa Ana (Gibraltar) Limited

16. Pacific Drilling Operations Limited

17. Pacific Drilling Operations, Inc.

18. Pacific Santa Ana S.à r.l.

19. Pacific Drilling, LLC

20. Pacific Drilling Services, Inc.

21. Pacific Drillship Nigeria Limited

22. Pacific Sharav Korlátolt Felelősségű Társaság

## Pacific Drilling S.A. et al.

Top 30 Unsecured Creditors

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (e.g., trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim as of the Petition Date |
|---|---|---|---|---|---|
| | | | | | Unsecured claim ($'s) |
| 1 | Samsung Heavy Industries c/o DLA Piper Hong Kong, 15 Queens Road Hong Kong - Central Hong Kong | Nicholas Mallard +852 2103 0808 Nicholas.Mallard@dlapiper.com | Arbitration | Contingent, Unliquidated, Disputed | Undetermined |
| 2 | National Oilwell Varco 10000, Richmond Avenue Houston TX 77042 US | Kevin Chapman (713) 935 8103 kevin.chapman@nov.com | Trade | No | $1,643,988 |
| 3 | World Fuel Services, Inc. 9800 NW 41st Street Miami FL 33178-2980 US | MIKE DIPASQUALE (908) 601-3998 MDipasqu@wfscorp.com | Trade | No | $507,336 |
| 4 | Control Union Testing and Inspection Paleiskade 100 Den Helder 08 1781 AR NL | C.R. Winands +31 6538 90910 rwinands@controlunion.com | Trade | No | $402,675 |
| 5 | VMS Group A/S Havnepladsen 12 Frederikshavn  9900 DK | Ole Lund Pedersen 45 9622 1100 olp@vms.dk | Trade | No | $396,393 |
| 6 | U.S. Bolt Manufacturing, Inc. 12895, S Main St Houston TX 77035 US | Deisy Espinosa 713-351-6712 despinosa@usbolt.com | Trade | No | $365,360 |
| 7 | EM&I (Trading) Ltd Level 2 38 Emanuel Schembri Street Birkirkara  BKR 1810 MT | Alexander Constantinis 44 1625 548 603 danny.constantinis@emialliance.com | Trade | No | $170,126 |
| 8 | FenderCare IMS Enterprise House Harveys Lane Norfolk  NR15 1EN GB | Claire Forder + 44 1508482691 Claire.Forder@fendercare.com | Trade | No | $152,100 |
| 9 | ABB AS 3700  W. Sam Houston Parkway SOUTH Houston TX 33025 US | Trond Hammeraas 954-874-4700 trond.hammeraas@us.abb.com | Trade | No | $147,352 |
| 10 | BP Lubricants USA, dba Castrol 501 Westlake Park Blvd. Houston TX 77079 US | Chad Heins (281)-886-6948 Chad.Heins@bp.com | Trade | No | $142,103 |
| 11 | Nord-Sud Shipping, Inc. 1940 Jefferson Hwy. Lutcher LA 70071 US | Jeff Bertholet 225-869-7450 jeff@nordsudshipping.com | Trade | No | $140,566 |
| 12 | Rolloos Oil and Gas Radarstraat 12 Capelle aan den Yssel  2901 AV NL | Arie Rolloos, Bram Masselink +31 10 - 4500 500 bram.masselink@rolloos.com | Trade | No | $130,312 |
| 13 | Dickerman Overseas Contracting Co L Unit 3 Adam Business Centre Henso Northants  NN16 8PX UK | Andrew Sharp + 44 (0) 1536 525131 info@dickermangroup.com | Trade | No | $129,684 |

# Pacific Drilling S.A. et al.
Top 30 Unsecured Creditors

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (e.g., trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim as of the Petition Date |
|---|---|---|---|---|---|
| | | | | | Unsecured claim ($'s) |
| 14 | Gates E & S, NA<br>134 44th Street<br>Corpus Christi TX 78405<br>US | Michael Ray, Managing Director<br>303-744-1911 | Trade | No | $118,684 |
| 15 | Gulf Copper & Manufacturing Corp<br>7200 Highway 87 East<br>Port Arthur TX 77642<br>US | Will Wilson, Zayd Riley<br>713-907-1546<br>zriley@gulfcopper.com | Trade | No | $109,061 |
| 16 | KD International B.V.<br> Woestduinstraat 109<br>Amsterdam 08 1059 SP<br>NL | Dennis Swaan<br>+31(0) 20 771 0061<br>d.swaan@kdinternational.nl | Trade | No | $96,982 |
| 17 | Bridon International Limited<br> B1+B175Icon Building, Ground Floor<br>Doncaster YS DN4 5JQ<br>GB | MATTHEW HOGAN<br>44 (191) 234 7509<br>Matthew.Hogan@bridon-bekaert.com | Trade | No | $80,545 |
| 18 | Rolls Royce Marine<br>1880, S. Dairy Ashford Ste 545<br>HOUSTON TX 77070<br>US | Randall Nunmaker<br>(281) 902-3344<br>randall.nunmaker@rolls-royce.com | Trade | No | $78,853 |
| 19 | Dammers Shipagencies Inc.<br>11, Kaya Flamboyan, PO Box 3018<br>Willemstad AN 3018<br>AN | Robert van Heulen<br>(5999) 7370600<br>operations@dammers-group.com | Trade | No | $76,684 |
| 20 | GAC Brokerage<br>16200, Central Green Boulevard<br>Houston TX 77032<br>US | Jana Rodriguez<br>713-660-1650<br>jana.rodriguez@gac.com | Trade | No | $71,935 |
| 21 | Norsafe Marine & Offshore Services,<br>1301, Edwards Avenue, Suite C<br>Jefferson LA 70123<br>US | Courtney Hardaway<br>504-733-0100<br>SERVICE@NORSAFEMARINE.COM | Trade | No | $71,155 |
| 22 | Expert Riser Solutions, LLC<br>101  Ashland Way<br>Madisonville LA 70447<br>US | Bill Burt<br>985-801-4040<br>bburt@expertep.com | Trade | No | $67,084 |
| 23 | MURPHY SHIPPING and COMMERCIAL US<br>1812 PEACHLEAF STREET<br>HOUSTON TX 77039-1232<br>US | Terry Kobs<br>281-590-2193<br>Terrykobs@murphyship.com | Trade | No | $66,755 |
| 24 | Kongsberg Maritime, Inc<br>NO-3601 Kongsberg<br>NO | Rune Haukom, Bobby Mahoney<br>713-329-5580<br>bobby.mahoney@kongsberg.com | Trade | No | $66,008 |
| 25 | GEV Offshore Limited<br> Unit 23 Priory Tec Park, Saxon Way,<br>Hull  HU13 9PB<br>GB | Andrew Allman<br>44 (0) 1482 300640<br>andrew.allman@gevgroup.com | Trade | No | $51,530 |
| 26 | MAN Diesel & Turbo North America In<br>1600A, Brittmoore Rd<br>Houston TX 77043<br>US | Carolina Sosa<br>(832) 209-3007<br>carolina.sosa@us.man.eu | Trade | No | $49,514 |

## Pacific Drilling S.A. et al.
Top 30 Unsecured Creditors

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (e.g., trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim as of the Petition Date |
|---|---|---|---|---|---|
| | | | | | Unsecured claim ($'s) |
| 27 | Next Maritime<br>0, Via August 2<br>Tarragoma 0 43033<br>ES | Francesc Dianez<br>+34 977 234 777<br>francescdianez@nextmaritime.com | Trade | No | $47,052 |
| 28 | Hiller Offshore Services<br>209, Stanton Road<br>Broussard LA 70518<br>US | Bob Richardson, James Guidry<br>337-837-3388<br>jguidry@hillercompanies.com | Trade | No | $46,892 |
| 29 | Smith International Inc.<br>1310, Rankin Road<br>Houston TX 77073<br>US | John Grandon<br>281-687-7576<br>jgrandon@slb.com | Trade | No | $46,812 |
| 30 | Alimak HEK Inc<br>12552, Old Galveston Rd.  Suite A160<br>Webster TX 77598<br>US | G. Jeff Stewart, Karen Leeper<br>713-640-8500<br>karen.leeper@alimakhek.com | Trade | No | $43,767 |

**Fill in this information to identify the case and this filing:**

Debtor Name    Pacific Drilling S.A.

United States Bankruptcy Court for the    Southern    District of    New York
                                                                    (State)

Case number (*if known*):

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ *Amended Schedule* _____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ *Other document that requires a declaration* _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    11/12/2017    ✗ _____
               MM / DD / YYYY         Signature of individual signing on behalf of debtor

                                      Paul T. Reese
                                      Printed name

                                      Chief Executive Officer
                                      Position or relationship to debtor

**Pacific Drilling S.A.**
*Société anonyme*
Siège social: 8-10 Avenue de la Gare, L-1610 Luxembourg
R.C.S. Luxembourg: B159658

(the **Company**)

---

## CIRCULAR RESOLUTIONS OF THE DIRECTORS OF THE COMPANY

---

### I. INTRODUCTION

Each of the undersigned directors of the Company (together the "**Directors**" and each a "**Director**"), composing all of the members of the board of directors of the Company (the "**Board**"), hereby note and unanimously resolve the following:

The Board notes that article 7.3 (viii) of the articles of association of the Company (the "**Articles**") provides that: "Circular resolutions signed by all the directors […] are valid and binding as if passed at a duly convened and held Board meeting, and bear the date of the last signature".

Each of the Directors acknowledges and confirms that pursuant to this provision of the Articles these resolutions shall, when duly signed, have the same effect as resolutions voted at a physically held meeting of the Board.

### II. PREAMBLE

**WHEREAS**, the Restructuring Committee of the Board and the majority of the Board met in person at duly convened and physically held meetings on 9 and 10 November, 2017, respectively, to review and discuss the matters and actions contemplated in these Resolutions;

**WHEREAS**, the Board has reviewed and discussed the financial and operational condition of the Company and the Company's business on the date hereof, including the current and historical performance of the Company, the assets and liquidity of the Company, the current and long-term liabilities of the Company, the market for the Company's services and the credit market conditions;

**WHEREAS**, the Board has received, reviewed, and discussed the recommendations of senior management of the Company and the Company's legal, financial, and other advisors as to the relative risks and benefits of the strategic alternatives available to the Company, including pursuing a reorganization through a bankruptcy proceeding (the "**Bankruptcy Case**") under the provisions of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), and has received, reviewed and discussed forms or descriptions of the key "first day" and "second

day" filings that would be proposed to be made by the Company in connection with the Bankruptcy Case (the "**Initial Filings**");

**WHEREAS**, after review and discussion and due consideration of all of the information presented to the Board, including the effect of commencing the Bankruptcy Case under Luxembourg law, the Board deems it advisable and in the best interests of the Company, its creditors, stakeholders, and other interested parties, for the Company to commence the Bankruptcy Case by filing a voluntary petition for relief under the provisions of Chapter 11 of the Bankruptcy Code (the "**Petition**"); and

**WHEREAS**, the Board deems it advisable and in the best interests of the Company, its creditors, stakeholders, and other interested parties for the Company to make the Initial Filings and to conduct the business of the Company as contemplated thereby, including without limitation to continue to participate in a centralized cash management system with certain of its affiliates (the "**Cash Management System**").

In this context, the Board is required to decide on the following items:

1.    Consideration and approval of the filing of the Petition, the filing of the Initial Filings and the incurrence of credit through the Cash Management System, together with any other actions necessary or useful in relation thereto, to be carried out by the Company;

2.    Appointment of any Director or officer of the Company (each, an "**Officer**") acting individually under his/her sole signature, in the name and on behalf of the Company, in order to represent the Company for the purposes of filing the Petition and the Initial Filings and negotiating and approving the terms and conditions of the continued use of the Cash Management System; and

3.    Miscellaneous.

**III.    DECLARATIONS**

•    Each of the Directors confirms having no interest conflicting with that of the Company in the filing of the Petition.

•    Each of the Directors confirms having carefully reviewed and considered the Petition and the other documents and information presented related thereto.

Considering the above, all the Directors hereby take the following resolutions (the "**Resolutions**") which they consider to be in the best corporate interest (*intérêt social*) of the Company, its creditors, stakeholders, and other interested parties.

## FIRST RESOLUTION

The Board **RESOLVES** that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, stakeholders, and other interested parties that the Petition and the Initial Filings be filed by the Company in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

The Board **RESOLVES** to hereby approve and consent to the filing of the Petition and the Initial Filings in the Bankruptcy Court.

As a consequence, the Board **RESOLVES** that the Company shall be, and it hereby is, authorized, directed and empowered (i) to file the Petition and the Initial Filings and (ii) to perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing.

## SECOND RESOLUTION

The Board **RESOLVES** that any Director or Officer of the Company (each a "**Designated Person**" and collectively, the "**Designated Persons**") acting individually under his/her sole signature, with full power of substitution, in the name and on behalf of the Company be, and hereby is, authorized and empowered under Luxembourg law:

i.     To execute and verify the Petition and the Initial Filings as well as all other ancillary documents and to cause the Petition to be filed with the Bankruptcy Court;

ii.    To make or cause to be made prior to the execution thereof any modifications to the Petition, the Initial Filings or any ancillary documents, and to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers or documents, agreements, deeds, letters, instruments or certificates necessary or desirable in connection with any of the foregoing;

iii.   To take such additional action as he/she deems necessary or expedient in his/her absolute discretion from time to time in connection with and for the purposes and intent of the foregoing; and

iv.    To do whatever is necessary, useful or desirable in his/her sole opinion to implement these Resolutions.

## THIRD RESOLUTION

The Board **RESOLVES** that the law firm of Sullivan & Cromwell LLP ("**S&C**") be, and hereby is, authorized, empowered and directed to represent the Company as its counsel in connection with the Bankruptcy Case, and to take any and all actions to advance the Company's rights, including the

preparation of pleadings and filings in the Bankruptcy Case; and in connection therewith, each of the Designated Persons, acting singly and without the others, be, and hereby is, empowered and directed under Luxembourg law, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of S&C.

The Board **RESOLVES** that the investment bank of Evercore Partners International LLP ("**Evercore**") be and hereby is engaged to provide investment banking and other related services to the Company in the Bankruptcy Case; and in connection therewith, each of the Designated Persons, acting singly and without the others, be, and hereby is, empowered and directed under Luxembourg law, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Evercore.

The Board **RESOLVES** that the firm of AlixPartners, LLP ("**AlixPartners**") be and hereby is engaged to provide restructuring advice and other related services to the Company in the Bankruptcy Case; and in connection therewith, each of the Designated Persons, acting singly and without the others, be, and hereby is, empowered and directed under Luxembourg law, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of AlixPartners.

The Board **RESOLVES** that the firm of Prime Clerk LLC ("**Prime Clerk**") be and hereby is engaged to act as notice, claims and balloting agent and to provide related services to the Company in the Bankruptcy Case; and in connection therewith, each of the Designated Persons, acting singly and without the others, be, and hereby is, empowered and directed under Luxembourg law, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Prime Clerk.

The Board **RESOLVES** that each of the Designated Persons, acting singly and without the others, be, and hereby is, empowered and directed under Luxembourg law, on behalf of and in the name of the Company, to cause the Company to employ other special counsel, financial advisors, investment bankers, accountants, restructuring advisors and other professionals as appropriate in connection with the Bankruptcy Case and all related matters.

## FOURTH RESOLUTION

The Board **RESOLVES** that in order to use and obtain the benefits of the Cash Management System,

the Company shall be, and it hereby is, authorized under Luxembourg law to grant security interests in, and liens on, all or any portion of the Company's assets for the benefit of the Company's affiliates and creditors, and to provide any additional adequate protection to creditors that the Designated Persons shall deem necessary, appropriate or desirable, including but not limited to periodic cash payments equal to interest payments and fees and expenses.

The Board **RESOLVES** that each of the Designated Persons, acting singly and without the others, be, and hereby is, empowered and directed under Luxembourg law, in the name and on behalf of the Company, to negotiate and approve the terms and form of any adequate protection to creditors and to secure the payment and performance of any post-petition financing, including financing incurred through the Cash Management System, and to effectuate the foregoing by (i) paying or approving the payment of all amounts payable in connection with any adequate protection arrangement, (ii) pledging or granting liens and mortgages on, or security interest in, all or any portion of the Company's assets, including all or any portion of the issued and outstanding capital stock, partnership interests, or membership interests of any subsidiaries of the Company, whether now owned or hereafter acquired, and (iii) entering into or causing to be entered into such security agreements, pledge agreements, control agreements, intercreditor agreements, mortgages, deeds of trust and other agreements as are necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, these Resolutions in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate or desirable by the Designated Person executing the same, the execution thereof by such Designated Person to be conclusive evidence of such approval or determination.

## FIFTH RESOLUTION

The Board **RESOLVES** that in addition to the specific authorizations heretofore conferred upon the Designated Persons, each of the Designated Persons, acting singly and without the others, be, and hereby is, empowered and directed under Luxembourg law, in the name and on behalf of the Company, to do or cause to be done all such further acts and things, including the payment of all fees, expenses, appropriate retainers and other amounts payable by the Company with respect to the foregoing, and to execute and deliver all such other instruments, certificates, agreements and documents as he or she may consider necessary or appropriate to enable the Company to carry out the intent and to accomplish the purposes of these Resolutions.

## SIXTH RESOLUTION

The Board **RESOLVES** that any of the Designated Persons may certify a copy of all or any of these Resolutions and such certified copy shall be full and complete evidence of the powers and authorities given by the foregoing and shall be fully binding on the Company without any more formal proof or documentation.

## SEVENTH RESOLUTION

The Board **RESOLVES** that all acts and deeds heretofore or hereafter done in connection with the actions contemplated in these Resolutions by any Designated Person for or on behalf of the Company in entering into, executing, acknowledging or attesting to any arrangements, agreements, instruments or documents, or in carrying out the terms and intentions of these Resolutions be, and hereby are, ratified, approved and confirmed in all respects.

## EIGHTH RESOLUTION

The Board **RESOLVES** that these Resolutions may be executed in any number of counterparts and shall be sent to each Director for signature and returned to the Company's registered office thereafter.

IN WITNESS WHEREOF, the undersigned, being all of the Directors of the Company, have executed these circular resolutions, which bear the date of the last signature.

Name: Jeremy Asher
Title:    Director
Date:    __, 2017
November 12, 2017

Name: Laurence Charney
Title:    Director
Date:    __, 2017
November 12, 2017

Name: Cyril Ducau
Title:    Director
Date:    __, 2017
November 12, 2017

Name: Antoine Bonnier
Title:    Director
Date:    __, 2017
November 12, 2017

Name: Sami Iskander
Title:    Director
Date:    __, 2017

Name: Robert A. Schwed
Title:    Director
Date:    __, 2017
November 12, 2017

Name: N. Scott Fine
Title:    Director
Date:    __, 2017
November 12, 2017

Name: Matthew Samuels
Title:    Director
Date:    __, 2017
November 12, 2017

IN WITNESS WHEREOF, the undersigned, being all of the Directors of the Company, have ex~
these circular resolutions, which bear the date of the last signature.

Name: Jeremy Asher
Title:    Director
Date:    _____, 2017

Name: Laurence Charney
Title:    Director
Date:    _____, 2017

Name: Cyril Ducau
Title:    Director
Date:    _____, 2017

Name: Antoine Bonnier
Title:    Director
Date:    _____, 2017

Name: Sami Iskander
Title:    Director
Date:    _November, 12_, 2017

Name: Robert A. Schwed
Title:    Director
Date:    _____, 2017

Name: N. Scott Fine
Title:    Director
Date:    _____, 2017

Name: Matthew Samuels
Title:    Director
Date:    _____, 2017

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ———————————————————— x | : | |
| In re | : | Chapter 11 |
| | : | |
| PACIFIC DRILLING S.A., *et al.*,[1] | : | Case No. __-_____ (___) |
| | : | |
| Debtors. | : | (Joint Administration Pending) |
| | : | |
| ———————————————————— x | | |

## CORPORATE OWNERSHIP STATEMENT AND
## LIST OF EQUITY SECURITY HOLDERS

Pursuant to rules 1007(a)(1), 1007(a)(3) and 7007.1 of the Federal Rules of

Bankruptcy Procedure, Pacific Drilling S.A., on behalf of itself and certain of its affiliates as

debtors and debtors-in-possession (collectively, the "Debtors"), respectfully represent:

1. 70.295% of Pacific Drilling S.A.'s equity is directly owned by Quantum Pacific

   (Gibraltar) Limited, 57/63 Line Wall Road, Gibraltar.[2]

2. 100% of Pacific Drilling (Gibraltar) Limited's equity is directly owned by Pacific

   Drilling S.A., 8-10 Avenue de la Gare, L-1610, Luxembourg.

3. 100% of Pacific Drillship (Gibraltar) Limited's equity is directly owned by Pacific

   Drilling S.A., 8-10 Avenue de la Gare, L-1610, Luxembourg.

---

[1]    The Debtors in these chapter 11 cases and, if applicable, the last four digits of their U.S. taxpayer identification numbers are: Pacific Drilling S.A., Pacific Drilling (Gibraltar) Limited, Pacific Drillship (Gibraltar) Limited, Pacific Drilling, Inc. (1524), Pacific Drilling Finance S.à r.l., Pacific Drillship SARL, Pacific Drilling Limited, Pacific Sharav S.à r.l. (2431), Pacific Drilling VII Limited, Pacific Drilling V Limited, Pacific Drilling VIII Limited, Pacific Scirocco Ltd. (0073), Pacific Bora Ltd. (9815), Pacific Mistral Ltd., Pacific Santa Ana (Gibraltar) Limited, Pacific Drilling Operations Limited (9103), Pacific Drilling Operations, Inc. (4446), Pacific Santa Ana S.à r.l. (6417), Pacific Drilling, LLC (7655), Pacific Drilling Services, Inc. (5302), Pacific Drillship Nigeria Limited (0281) and Pacific Sharav Korlátolt Felelősségű Társaság.

[2]    On information and belief, no other entity with equity interests in Pacific Drilling, S.A. holds (directly or indirectly) more than 10% of Pacific Drilling S.A.'s equity interests and, in accordance with rule 7007.1 of the Federal Rules of Bankruptcy Procedure, do not need to be disclosed in this corporate ownership statement.

4.  100% of Pacific Drilling, Inc.'s equity is directly owned by Pacific Drilling Manpower S.à r.l., 8-10 Avenue de la Gare, L-1610, Luxembourg.

5.  100% of Pacific Drilling Finance S.à r.l.'s equity is directly owned by Pacific Drilling (Gibraltar) Limited, 57/63 Line Wall Road, Gibraltar.

6.  100% of Pacific Drillship SARL's equity is directly owned by Pacific Drilling (Gibraltar) Limited, 57/63 Line Wall Road, Gibraltar.

7.  100% of Pacific Drilling Limited's equity is directly owned by Pacific Drilling (Gibraltar) Limited, 57/63 Line Wall Road, Gibraltar.

8.  100% of Pacific Sharav S.à r.l.'s equity is directly owned by Pacific Drilling (Gibraltar) Limited, 57/63 Line Wall Road, Gibraltar.

9.  100% of Pacific Drilling VII Limited's equity is directly owned by Pacific Drilling (Gibraltar) Limited, 57/63 Line Wall Road, Gibraltar.

10. 100% of Pacific Drilling V Limited's equity is directly owned by Pacific Drillship (Gibraltar) Limited, 57/63 Line Wall Road, Gibraltar.

11. 100% of Pacific Drilling VIII Limited's equity is directly owned by Pacific Drilling Holding (Gibraltar) Limited, 57/63 Line Wall Road, Gibraltar.

12. 49.9% of Pacific Scirocco Ltd.'s equity is directly owned by Pacific Drilling Limited, 80 Broad St., Monrovia, Liberia.  The remaining 50.1% is directly owned by Pacific Drillship Nigeria Limited, Trident Chambers, P.O. Box 146, Road Town, Tortola, British Virgin Islands.

13. 49.9% of Pacific Bora Ltd.'s equity is directly owned by Pacific Drilling Limited, 80 Broad St., Monrovia, Liberia.  The remaining 50.1% is directly owned by Pacific

Drillship Nigeria Limited, Trident Chambers, P.O. Box 146, Road Town, Tortola, British Virgin Islands.

14. 100% of Pacific Mistral Ltd.'s equity is directly owned by Pacific Drilling Limited, 80 Broad St., Monrovia, Liberia.

15. 100% of Pacific Santa Ana (Gibraltar) Limited's equity is directly owned by Pacific Drilling Limited, 80 Broad St., Monrovia, Liberia.

16. 100% of Pacific Drilling Operations Limited's equity is directly owned by Pacific Drilling Limited, 80 Broad St., Monrovia, Liberia.

17. 100% of Pacific Drilling Operations, Inc.'s equity is directly owned by Pacific Sharav S.à r.l., 8-10 Avenue de la Gare, L-1610, Luxembourg.

18. 100% of Pacific Santa Ana S.à r.l.'s equity is directly owned by Pacific Santa Ana (Gibraltar) Limited, 57/63 Line Wall Road, Gibraltar.

19. 100% of Pacific Drilling, LLC's equity is directly owned by Pacific Drilling Operations Limited, Trident Chambers, P.O. Box 146, Road Town, Tortola, British Virgin Islands.

20. 100% of Pacific Drilling Services, Inc.'s equity is directly owned by Pacific Drilling, LLC, 111 Eighth Avenue, New York, NY, 10011.

21. 99.9% of Pacific Drillship Nigeria Limited's equity is directly owned by Pacific International Drilling West Africa Limited, 9th Floor, St Nicholas House, Catholic Mission Street, Lagos, Nigeria.  The remaining 0.01% is directly owned by Pacific Drilling Limited, 80 Broad St., Monrovia, Liberia.

22. 100% of Pacific Sharav Korlátolt Felelősségű Társaság's equity is directly owned by Pacific Drilling (Gibraltar) Limited, 57/63 Line Wall Road, Gibraltar.

**Fill in this information to identify the case and this filing:**

Debtor Name __Pacific Drilling S.A.__

United States Bankruptcy Court for the: __Southern__    District of __New York__
                                                                                            (State)

Case number (*if known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐  *Schedule H: Codebtors* (Official Form 206H)

☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐  *Amended Schedule* ____

☐  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒  Other document that requires a
    declaration    __Corporate Ownership Statement__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  __11/12/2017__                    ✗ _____
             MM / DD / YYYY                        Signature of individual signing on behalf of debtor

                                                  Paul T. Reese
                                                  Printed name

                                                  Chief Executive Officer
                                                  Position or relationship to debtor

Official Form 202                    Declaration Under Penalty of Perjury for Non-Individual Debtors

Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

*[Caption as in Form 416B]*

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is  001-35345          .

2. The following financial data is the latest available information and refers to the debtor's condition on  9/30/2017          .

    a. Total assets        $ 5,468,096,000

    b. Total debts (including debts listed in 2.c., below)    $ 3,188,015,000

    c. Debt securities held by more than 500 holders

Approximate number of holders:

| | | | | | |
|---|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |

    d. Number of shares of preferred stock    None

    e. Number of shares common stock    21,336,635 shares outstanding

Comments, if any: _____
The financial data presented is on a consolidated basis and includes  assets and liabilities of non-debtor subsidiaries of Pacific Drilling S.A.

3. Brief description of debtor's business: _____
 Pacific Drilling, an offshore drilling company formed in 2011 under the laws of Luxembourg, provides global ultra-deepwater  drilling services to the oil and natural gas industry through the use of high-specification drillships.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

Quantum Pacific (Gibraltar) Limited